**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HONOR WORLDWIDE LOGISTICS, LLC** | § | |
| *Petitioner* | § | |
| | § | |
| **v.** | § | **No. 4:16-cv-2938** |
| | § | |
| **ART HEAVY HAUL, INC.** | § | |
| *Respondent* | § | |
| | § | |

**HONOR WORLDWIDE LOGISTICS LLC'S**
**VERIFIED PETITION TO CONFIRM A DOMESTIC ARBITRATION AWARD**

Honor Worldwide Logistics LLC ("Honor") files this Petition to Confirm a Domestic Arbitration Award and, in support thereof, respectfully shows the Court as follows:

**1.**
**PARTIES**

1.1     Petitioner Honor Worldwide Logistics, LLC ("Honor") is a Texas limited liability company with its principal place of business located at 5200 Hollister St #101, Houston, Texas 77040.

1.2     Respondent Art Heavy Haul, Inc. ("Art") is an Illinois corporation, with its principal place of business located at South, 13067 Main St, Lemont, Illinois 60439.  Art may be served with process of this Petition by serving its registered agent for service, Marek Tomczyk at 1585 Ellinwood Avenue, Suite 210, Des Plaines, Illinois 60016.

**2.**
**JURISDICTION AND VENUE**

2.1     This Court has diversity jurisdiction over this matter under 28 U.S.C. §1332(a)(1), because Honor and Art are citizens of different U.S. states as set forth above, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  To determine whether

the amount in controversy is met in an for establishing diversity jurisdiction over a petition to confirm an arbitration award, Fifth Circuit follows the "demand approach" – in which the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded. *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182 (5th Cir. 2016).  Here, Honor's demand stated a claim amount of at least $252,495.00 and, therefore, satisfies the amount in controversy requirement for diversity jurisdiction.

2.2    If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. 9 U.S.C. § 9.  Venue is proper in this district, because the parties' arbitration agreement does not specify a court and the arbitration award was entered in Houston, Texas. *See* <u>Exhibit A</u>, Verification of Richard Branca, at ¶4.

**3.**
**<u>THE ARBITRATION</u>**

3.1    Honor and Art entered into a Transportation Broker – Motor Carrier Agreement in June 2014 to move windmill blades from North Dakota to the Port of Houston.  A true and correct copy of the Transportation Broker – Motor Carrier Agreement is attached hereto as <u>Exhibit B</u>.

3.2    Art breached the agreement and Honor initiated arbitration under the rules of the American Arbitration Association (AAA), as required by Section 4.G. of the Agreement.  A true and correct copy of Honor's demand for arbitration is attached hereto as <u>Exhibit C</u>.

3.3    Pursuant to the AAA rules, Honor and Art jointly agreed to designate John Q. Stillwell as arbitrator.  The arbitration was held in Houston, Texas on July 18, 2016. *See* <u>Ex. A</u>, Branca Verification, at ¶4.

**4.**
**THE AWARD**

4.1    The arbitrator issued an award in favor of Honor on August 19, 2016 (the

"Award").  The Award provides as follows:

> 1.  ART shall pay to Honor, as damages, the sum of $157,510.00
>     plus post judgment interest thereon at the rate of 6% per
>     annum, calculated from January 30, 2015, the date of initiation
>     of [the] Arbitration, until paid in full.
>
> 2.  Pursuant to the arbitration clause of the aforesaid arbitration
>     agreement, the reasonable attorney's fees and expenses of the
>     prevailing party, Honor, amounting to fees of $136,087.50 and
>     expenses of $16,405.52, shall also be borne by and paid by
>     ART to Honor, in accordance with the arbitration agreement
>     and paragraph 3 of this Award.
>
> 3.  The administrative fees and expenses of the American
>     Arbitration   Association   totaling   $5,350.00,   and   the
>     compensation and expenses of the Arbitrator totaling $5,352.66
>     shall be borne by ART. Therefore, ART shall reimburse the
>     additional sum of $8,026.33 representing that portion of said
>     fees and expenses in excess of the apportioned costs previously
>     incurred by Honor.
>
> 4.  Payment of the above sums shall be made in full not later than
>     30 days from the date of this Award.

A true and correct copy of the Award is attached hereto as Exhibit D.

4.2    The arbitrator held that the Award was "in full settlement of all claims submitted

to [the] arbitration."  Ex. D.

4.3    The payments required by the Award were due to be paid on or before September

18, 2016.  Ex. D.  However, no payment was received on that date, and all of the amounts are

still outstanding. Ex. A, Branca Verification, at ¶5.

**5.**
**PETITION TO CONFIRM**

5.1     Honor now moves this Court to confirm the Award.

5.2     When an agreement, like the Transportation Broker – Motor Carrier Agreement, contains a clause that designates Texas law but does not exclude the Federal Arbitration Act (FAA), the FAA and Texas law, including the Texas Arbitration Act (TAA), apply concurrently. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 338 n. 7 (5th Cir.2004). This petition is timely under both statutes, as the Award was issued on August 19, 2016, just over one month before this petition was filed.  Under the FAA, a motion to confirm a domestic arbitration award must be filed within one year after the award was made.  9 U.S.C. § 9. The TAA does not specify a deadline for filing a motion to confirm.  *See* TEX. CIV. PRAC. & REM. CODE § 171.087.

**The Court is Authorized to Confirm the Award**

5.3     An arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award.  9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE § 171.092.

5.4     The Transportation Broker – Motor Carrier Agreement explicitly confers authority on the Court to confirm the award. The parties agreed to arbitration in the Transportation Broker – Motor Carrier Agreement as the sole recourse in the event of a dispute. *See* Ex. B, at Section 4.G.  Section 4.G. provides that "the decision of the arbitrator(s) shall be binding and final and the award of the arbitrator(s) may be entered as judgment in any court of competent jurisdiction."  Ex. B.  Further, the parties' arbitration agreement authorizes the Court to award, Honor, as prevailing party, recovery of costs, expenses and reasonable attorneys' fees

as well as those incurred in any action for injunctive relief, or in the event further legal action is taken to enforce the award of the arbitrator. *See* <u>Ex. B</u>, at Section 4.G.

5.5     Moreover, confirmation is appropriate and judgment may be entered when, as here, the parties incorporate into their agreement rules, such as those of the AAA, providing that the parties consented to an entry of judgment by an appropriate court. *Washington Mut. Bank v. Crest Mortgage Co.*, 418 F. Supp. 2d 860, 862 (N.D. Tex. 2006) (citing *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 867 (10th Cir.1999)).  Pursuant to AAA Rule 48(c), "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." <u>Exhibit E</u>, AAA Rules.

**There are No Grounds to Modify, Correct, or Vacate the Award**

5.6     On a timely filed motion to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed under the FAA and TAA unless there are grounds to modify, correct, or vacate the award.  9 U.S.C. §§ 9, 13; Tex. Civ. Prac. & Rem. Code § 171.087.  Judicial review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petrol. Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012) (quoting *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007)). The party seeking to vacate an arbitration award has the burden of proof, and the court must resolve any doubts or uncertainties in favor of upholding the award. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 (5th Cir. 2004). Likewise, questions of contract interpretation must be decided in favor of the arbitration decision. *Apache Bohai Corp. LDC*, 480 F.3d at 405.

5.7     The grounds for vacatur of an arbitration award under the FAA are set forth in § 10(a), which provides that a court may vacate an award: (1) Where the award was procured by

corruption, fraud, or undue means; (2) Where there was evident partiality or corruption in the arbitrators....(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584–86 (2008).

5.8     Section 11 of the FAA provides that the award may be modified: (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (c) Where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11;

5.9     The TAA directs courts to vacate an arbitration award only in cases where: (1) the award was obtained by corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by: (A) evident partiality by an arbitrator appointed as a neutral arbitrator; (B) corruption in an arbitrator; or (C) misconduct or willful misbehavior of an arbitrator; (3) the arbitrators: (A) exceeded their powers; (B) refused to postpone the hearing after a showing of sufficient cause for the postponement; (C) refused to hear evidence material to the controversy; or (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter

B, and the party did not participate in the arbitration hearing without raising the objection. TEX. CIV. PRAC. & REM.CODE § 171.088.

5.10    An award can only be modified under the TAA if: (1)  the award contains:  (A) an evident miscalculation of numbers;  or (B)  an evident mistake in the description of a person, thing, or property referred to in the award; (2)  the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted;  or (3)  the form of the award is imperfect in a manner not affecting the merits of the controversy. TEX. CIV. PRAC. & REM.CODE § 171.091.

5.11    None of the above grounds for modifying, correcting, or vacating the award under the FAA or TAA exist in this case.  The arbitrator's decision and award are correct.  *See* 9 U.S.C. § 9; TEX. CIV. PRAC. & REM. CODE § 171.087.

5.12    Because this motion, attachments and proposed order have been filed, and because there are no grounds for modifying, correcting or vacating the award, the Court must confirm the arbitration award in this case.  9 U.S.C. §§ 9, 13; TEX. CIV. PRAC. & REM. CODE § 171.087.

## 6.
## REQUEST FOR ATTORNEYS' FEES, EXPENSES, AND COSTS

6.1    Pursuant to Section 4.G. of the Transportation Broker – Motor Carrier Agreement, Honor as the prevailing party shall be entitled to recovery of costs, expenses and reasonable attorneys' fees, as well as those incurred in any action for injunctive relief, or in the event further legal action is taken to enforce the award of the arbitrator.  Such relief is also allowed under the TAA, which allows the to award "costs of the application and of the proceedings subsequent to the application." TEX. CIV. PRAC. & REM. CODE § 171.092.

6.2     Art, a resident of Illinois, has failed to timely pay the Award in accordance with its terms, and has represented to counsel for Honor that it will not voluntarily pay the award of the arbitrator.  As a result, Honor will be forced to register the Award and this Court's judgment in an Illinois federal court and execute judgment there.  Ex. A, Branca Verification, at ¶5.

6.3     This will require Honor and its Texas counsel to hire an Illinois-licensed attorney to accomplish the execution.  The cost to register judgment, initiate and accomplish execution and sale of assets to satisfy the judgment is reasonably estimated at 34 attorney hours at the rate of $255 an hour, or $8,670.00; and $1,330,00 in costs and expenses, for a total of $10,000. Ex. A, Branca Verification, at ¶6.

6.4     Honor requests the above amount be made part of the judgment pursuant to the terms of the Transportation Broker – Motor Carrier Agreement.

**7.**
**ATTACHMENTS**

7.1     In support of this motion to confirm, Honor includes documents in the attached Appendix, which is incorporated herein by reference.

7.2     Honor requests that the Court include the attached documents with its order confirming the arbitration award.

**8.**
**CONCLUSION AND REQUEST FOR RELIEF**

For the reasons set forth herein, Honor asks the Court to issue an order:

1.      confirming the Award in favor of Petitioner Honor Worldwide Logistics LLC against Respondent Art Heavy Haul, Inc.

2.      entering judgment in favor of Petitioner Honor Worldwide Logistics LLC against Respondent Art Heavy Haul, Inc. in accordance with the Award and the agreement's enforcement provisions that:

    a.      ART shall pay to Honor, as damages, the sum of $157,510.00 plus post judgment interest thereon at the rate of 6% per annum, calculated from January 30, 2015, the date of initiation of the Arbitration, until paid in full;

    b.      Art shall pay Honor's reasonable attorney's fees and expenses incurred in the arbitration, amounting to fees of $136,087.50 and expenses of $16,405.52;

    c.      Art shall reimburse Honor for the portion of the administrative fees and expenses of the AAA previously incurred by Honor, in the amount of $8,026.33; and

    d.      Art shall pay Honor's costs, expenses, and reasonable attorneys' fees incurred in filing this petition to confirm the Award and in further enforcement actions, in the amount of $10,000.

Honor asks the Court to include these amounts owed by Art on the face of the Final Judgment entered, to assist with enforcement efforts.

3.      granting such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

By: */s/ Richard A. Branca*

Richard A. Branca
Federal ID No. 828076
Texas Bar No. 24067177
richard.branca@roystonlaw.com
Scott R. Breitenwischer
Federal ID No. 10827
Texas Bar No. 02947695
scott.breitenwischer@roystonlaw.com
Christine R. Raborn
Federal ID No. 931674
Texas Bar No. 24044758
christine.raborn@roystonlaw.com
1600 Smith, Suite 5000
Houston, TX  77002
(713) 224-8380 Telephone
(713) 225-9945 Facsimile

**ATTORNEYS FOR CLAIMANT,
HONOR WORLDWIDE LOGISTICS, LLC**

**OF COUNSEL:**

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**